AO 472  (Rev. 11/16)  Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

|  |  |  |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  24-mj-08441-RMM |
| Ryan Wesley Routh | ) | |
| *Defendant* | ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☒ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or

☒ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted.  This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**

☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**

☐ **(e)** any felony that is not otherwise a crime of violence but involves:
**(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**

☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; ***and***

☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

☐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

☐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

☐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☒ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☒ Weight of evidence against the defendant is strong
☒ Subject to lengthy period of incarceration if convicted
☒ Prior criminal history
☐ Participation in criminal activity while on probation, parole, or supervision
☒ History of violence or use of weapons
☐ History of alcohol or substance abuse
☐ Lack of stable employment
☐ Lack of stable residence
☐ Lack of financially responsible sureties
☒ Lack of significant community or family ties to this district

AO 472  (Rev. 11/16)  Order of Detention Pending Trial

- ☐ Significant family or other ties outside the United States
- ☐ Lack of legal status in the United States
- ☐ Subject to removal or deportation after serving any period of incarceration
- ☐ Prior failure to appear in court as ordered
- ☐ Prior attempt(s) to evade law enforcement
- ☐ Use of alias(es) or false documents
- ☐ Background information unknown or unverified
- ☐ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

**A.      Nature and Circumstances of the Offense**

     The Defendant is charged by Criminal Complaint with possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922(k).  If convicted on the charge of possession of a firearm by a convicted felon, the Defendant faces a maximum of fifteen years in prison.  If convicted on the charge of possession of a firearm with an obliterated serial number, the Defendant faces a maximum of five years in prison.

     Additionally, the Government has proffered evidence concerning the offense of attempted assassination and assault on a major Presidential candidate in violation of 18 U.S.C. §§ 351(c) and (e).  Even though the Government has not yet charged the Defendant with this offense, the Court has considered the proffered evidence pursuant to 18 U.S.C. § 3142(g)(4), which directs the Court to consider the nature and seriousness of the danger the Defendant poses to any person and the community upon release.

**B.      Weight of the Evidence**

     The weight of the evidence against the Defendant is strong.  The following evidence was established by the Criminal Complaint, the affidavit supporting the Criminal Complaint, the Government's written and oral proffer, the exhibits admitted without objection, and the testimony of FBI Special Agent Christian Hull.

     On September 15, 2024, former President of the United States and current Presidential candidate, Donald J. Trump, was golfing at Trump International Golf Club in West Palm Beach, Florida ("Trump International").  At approximately 1:30 p.m., the former President was on the 5th hole, advancing towards the 6th hole, when a Secret Service Agent conducted a protective security sweep of the exterior fence line along the 6th hole.  While conducting the sweep, the Agent spotted the partially obscured face of a man in the exterior brush along the fence line near the 6th hole putting green.  The Agent also observed the barrel of a rifle protruding from the fence and aimed directly at him.  The Agent fired his weapon several times towards the rifle, then announced over his radio that shots had been fired.

     Shortly after the Agent fired his weapon, a civilian driving on Summit Boulevard observed a man run across the road away from Trump International, get into a Nissan Xterra, and flee the area at a high rate of speed.  The witness made eye contact with the man before he fled.  The witness took photographs of the Nissan Xterra and wrote down all but the last digit of the license plate number.  The witness immediately reported these observations to law enforcement.

     At approximately 2:15 p.m., law enforcement in Martin County stopped a Nissan Xterra traveling northbound on I-95 matching the license plate description reported by the witness.  Law enforcement transported the witness to the Martin County location, and the witness positively identified the Defendant as the man the witness had seen fleeing from Trump International.

     A search of the Nissan Xterra later revealed, among other things, six cellphones, two additional license plates, Defendant's passport, and a handwritten list of dates and venues in August, September, and October of 2024 where the

former President had appeared or was expected to appear.  Furthermore, one of the cell phones contained a Google search for how to travel from Palm Beach County to Mexico.

Law enforcement also searched the exterior fence line outside Trump International in the area where the Agent had seen the protruding rifle.  Law enforcement recovered, among other items, an SKS semi-automatic 7.62x39 caliber rifle.  The rifle was loaded with a total of 11 rounds with 1 round in the chamber.  The serial number on the rifle was obliterated.  Based on the make and model of the rifle, law enforcement believes the rifle had traveled in interstate commerce.  Additionally, a scope was attached to the rifle with electrical tape.  Upon examining the rifle for fingerprints, law enforcement found a fingerprint on the electrical tape that made a preliminary match to the Defendant.

Following news coverage of the Defendant's arrest, on September 18, 2024, another civilian witness contacted law enforcement to report that Defendant had dropped off a box at the witness's residence several months prior.  The box contained, among other things, ammunition, four phones, and various handwritten letters, including one addressed to "The World."  The letter stated, among other things, that "This was an assassination attempt on Donald Trump but I am so sorry I failed you."  The letter offered $150,000 to anyone who could complete the job.

**C.     Defendant's History**

The Court takes judicial notice of the Pretrial Services Report.  The Defendant has a lengthy criminal history with over a hundred arrests, including convictions for multiple weapons charges and a conviction for possession of a weapon of mass destruction.  The Pretrial Services Report also shows that Defendant recently traveled to Ukraine multiple times and to Taiwan.

**D.     Conclusion**

Based on the evidence, the Court finds there are no conditions or combinations of conditions that would reasonably assure the Defendant's appearance as required or the safety of the community if the Defendant were to be released prior to trial.  The Court bases this conclusion on numerous factors, including the nature of the current charges, the nature of additional charges that might be added, the weight of the evidence, the Defendant's prior criminal history involving a conviction for possession of a weapon of mass destruction, and the Defendant's recent travel to foreign countries.

**Part IV - Directions Regarding Detention**

The Defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The Defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the Defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date:          09/24/2024

United States Magistrate Judge